## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**WILLIAM E. ROCKEY**                                                    **PLAINTIFF**
**Reg. #04307-063**

**V.**                    **CASE NO.: 2:09CV00050 WRW/BD**

**UNITED STATES OF AMERICA, et al.**                    **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I**.       **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District

Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to

this recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically identify

that finding and the evidence that supports your objection.  An original and one copy of

your objections must be received in the office of the United States District Court Clerk no

later than fourteen (14) days from the date you receive the Recommended Disposition.  A

copy will be furnished to the opposing party.  Failure to file timely objections may result

in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.  Background:

Plaintiff, a Federal Correctional Institution inmate housed in Forrest City,

Arkansas ("FCI-FC"), brought this action pro se under the Federal Tort Claims Act

("FCTA"), 28 U.S.C. §§ 2671, *et seq*.  In the Complaint (docket entry #2), Plaintiff

alleges that employees of the FCI-FC negligently failed to diagnose and treat acute

gastrointestinal bleeding caused by excessive prescriptions of Naproxen.

Now pending is Defendants' Motion to Dismiss or, in the Alternative, Motion for

Summary Judgment (#19).  On December 14, 2009, this Court informed Plaintiff that it

would consider Defendants' motion as a motion for summary judgment (#22).  Plaintiff

was given twenty-one days to respond to Defendants' motion.  Plaintiff has failed to

respond, and the time to do so has passed.  For the following reasons, the Court

recommends that Defendants' motion (#19) be GRANTED, and this action be

DISMISSED WITH PREJUDICE.

## III.  Discussion:

### A.  *Summary Judgment Standard*

Summary judgment is appropriate when the evidence, viewed in the light most

favorable to the nonmoving party, presents no genuine issue of material fact.  FED. R.

CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty

Lobby, Inc.,* 477 U.S. 242, 246 (1986).  Once the moving party has successfully carried its

burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the

pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial."). If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

B.      *The United States is the only Proper Party Defendant in this Matter*

Plaintiff brought this FTCA medical negligence claim against the United States of America ("USA"), the Department of Justice, the medical department at the FCI-FC, and Dr. Hipolito D. Matos (#2). Absent circumstances not present in this matter, the USA is the only proper party defendant to an action based on the negligent acts of federal employees. *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006). The remedy against the USA provided by the FTCA is "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." 28 U.S.C. § 2679(b)(1). This exclusionary rule extends to federal agencies. 28 U.S.C. § 2679(a). Accordingly, the Department of

Justice, the medical department at the FCI-FC, and Dr. Hipolito D. Matos should be dismissed as party defendants.

C.    *Medical Negligence under the Federal Tort Claims Act*

In FTCA actions, the law of the state where the alleged tort occurred controls. *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 743 (8th Cir. 2009). Plaintiff states that the alleged medical negligence in this case occurred in Forrest City, Arkansas (#2).

When a medical negligence claim involves a medical provider's failure to properly diagnose, assess, and manage care and treatment, the claim falls under Arkansas's Medical Malpractice Act. *Dodd v. Sparks Regional Medical Center*, 90 Ark.App. 191, 198, 204 S.W.3d 579, 583 (2005). Plaintiff alleges that employees of the FCI-FC failed diagnose and treat acute gastrointestinal bleeding caused by excessive prescriptions of Naproxen.

"In order to sustain a claim for medical malpractice, one must prove the applicable standard of care, the defendant's breach thereof, and that the defendant's breach proximately caused injury." *Jones v. McGraw*, 374 Ark. 483, 486, 288 S.W.3d 623, 626 (2008) (citations omitted). Generally, a plaintiff has the burden of proving these three propositions by expert testimony. *Lee v. Martindale*, 103 Ark.App. 36, 40, 286 S.W.3d 169, 172 (2008). A plaintiff must present expert testimony when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge. *Id.*

In their motion, Defendants provided the declaration of Dr. Hipolito Matos (#20-2).  In Dr. Matos's medical opinion, Plaintiff's use of Naproxen did not cause his gastrointestinal bleeding.  Dr. Matos states that the "dosage of Naproxen prescribed was neither excessive nor 'over-dosage' as [Plaintiff] alleges.  Medical staff at [FCI-FC] did not violate the standard of care in their treatment of [Plaintiff]."  (#20-2, ¶ 8)  Plaintiff has not responded to these assertions.  "In malpractice cases, a defendant is entitled to summary judgment when it is shown that the plaintiff has no qualified expert to testify as to the applicable standard of care."  *Dodd*, 90 Ark.App. at 198, 204 S.W.3d at 584.

Although there is little context and no medical evidence provided to support Dr. Matos's opinion, Plaintiff has failed to rebut Dr. Matos's conclusion that a bacterial infection caused Plaintiff's gastrointestinal ulcer.  See *Neal v. Farris*, 101 Ark.App. 375, 381, 278 S.W.3d 129, 134 (2008) (grant of summary judgment appropriate where Plaintiff failed to timely meet her burden of proof by providing necessary medical evidence).  Accordingly, Defendants are entitled to summary judgment.

**IV.**  **Conclusion**:

The Court recommends Defendants' motion for summary judgment (#19) be GRANTED.

DATED this 10th day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE